# PORTO RICO
# FEDERAL REPORTS

CRISTOBAL MORALES AVILA

*v.*

ANTONIO FANTAUZZI.

San Juan, Law, No..895.

JURISDICTION AND PROCEDURE.

Jurisdiction—Irregularity.

    1. The question of jurisdiction can always be raised even if it has been decided previously by the same court. But jurisdiction is a defect going to the power of the court over the parties or the subject-matter, and is not amendable. It is different from a defect in the statement of the case, which is demurrable and amendable.

Previous Decision—Correction.

    2. While the court is willing to correct a point which has been improperly decided, it will not disturb a previous ruling, particularly of a predecessor of the presiding judge, unless real injustice has resulted.

Opinion filed June 27, 1913.

VII. Porto Rico—1.

Avila v. Fantauzzi.

*Mr. N. B. K. Pettingill* for plaintiff.

*Messrs. Hartzell & Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

The court has heard the arguments with a great deal of interest and a great deal of pleasure. It has been well presented on each side. The question is not clear. Very few questions are. But I think that there is a distinction between a question raising a point of jurisdiction of the court and a point that is confined to the merits of the particular case. The question of jurisdiction can always be raised, even if it has been decided previously by the same court. That, though, I take it is a matter relating to the jurisdiction of the court over the subject-matter or jurisdiction of the court over the persons; one of those two things.

I do not think that the demurrer now presented comes under that head. This court has jurisdiction to try a case of negligence, and it has jurisdiction of a case, as here, where one party is a foreigner and the other party is a Porto Rican, so that I do not think that this is a question of jurisdiction. It might be well that this distinction be borne in mind because it is brought up not infrequently, and always spoken of by counsel as raising the question of jurisdiction. I do not think that it is properly a matter of jurisdiction if the court has jurisdiction of the person and all, which, briefly stated, is the case in question. So that I cannot entertain this as a matter raising the question of jurisdiction. It is rather one of sufficiency of allegations.

Avila v. Fantauzzi.

Another point is that this has been previously decided by my predecessor. I am always willing to take up a point whether it has been decided or not, provided I am satisfied real injustice has been done by the ruling, but my position properly is, I think, not to disturb otherwise what has been done previously. I will not go into the merits of the case because, of course, the merits are not before me. It does not occur to me that it would be well to decide this point at the present time. It would come up after all the evidence is in, and I would rather defer actual decision until that time. Meanwhile the argument has been of great assistance to me. I understand the facts, and I understand the law, I think, a great deal better, and it was really in that connection that I wanted the argument. It takes the place of a presentation of the case, and for that reason I will overrule the demurrer as it stands as a demurrer, but will take pleasure in examining these authorities, and be guided by what I think is the law at a future stage of the proceeding. So that the demurrer is overruled, and at present the case will go on, with leave to renew the point at the conclusion of the testimony. I want to say that I am very glad indeed that the discussion has taken place. It will save a great deal more time than has been consumed in the argument.